ON APPLICATION FOR REHEARING
MICHAEL E. KIRBY, Judge.
hWe grant the rehearing application of defendant, Diamond Offshore Drilling, Inc., for the sole purpose of correcting a misstatement made in our original opinion in the discussion of an allegedly improper jury instruction. During deliberations, the jurors sent a note asking the trial court to explain what was included in the term “condition” in the sentence in one of the jury instructions, which stated, “Mr. Lewis alleges that his condition was caused by his exposure to toxic chemicals and heavy metals and the working conditions aboard the Ocean Spartan in Lake Maracaibo, Venezuela.” Plaintiffs counsel and defense counsel agreed to substitute the word “illness” for the word “condition.” The jurors were brought back into the courtroom, and were told by the trial court that only they could determine what illnesses may or may not have been caused by the conditions aboard the Ocean Spartan.
Immediately after the jurors left the courtroom to resume deliberations, defense counsel objected to the trial court’s clarified instruction, arguing that the statement suggested to the jury that proof of causation of any illness entitled the plaintiff to recovery for all illnesses, including SIBM, for which Diamond claims there is no evidence of causation. In our original opinion, we found -that the ^defendant’s objection was untimely because it was raised outside the presence of the jury.
On rehearing, defendant argues that the objection was timely because it was made immediately after the jury left the courtroom. The defense cites La. C.C.P. article 1793(C), which states:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter *386 to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.
Because the record confirms that the objection was made immediately after the jurors left the courtroom to resume deliberations, the statement in our original opinion that defendant’s objection to the clarified jury instruction was untimely was incorrect.
Although the objection was timely, we nonetheless find the defendant’s assignment of error on the issue of the jury instruction to be without merit. We conclude that the statement at issue made by the trial court to the jury does not constitute reversible error.
This rehearing application is granted only for the purpose of correcting the misstatement regarding the timeliness of the defendant’s objection. In all other respects, the rehearing application is denied. We affirm the judgment rendered in our original opinion.
REHEARING APPLICATION GRANTED IN PART; DENIED IN PART; JUDGMENT AFFIRMED.